## The STATE vs. JOHN COTTLE.

In an indictment under the *statutes* of 1834, *c.* 141, § 1, and of 1835, *c.* 193, concerning innholders, retailers, &c., *it was held : —*

1. That it is not necessary to insert therein the name of the complainant : —

2. Nor how the penalty is appropriated by law : —

3. That by *Windsor* in the county of *Kennebec* must be understood the *town* of *Windsor :* —

4. That the averment, from the first day of *November*, 1835, until the finding of the indictment, is a sufficient statement of the time when the offence was committed : —

5. That averring afterwards, that the accused had also -been guilty before the time alleged, does not impair the force of the prior allegation : —

6. That the averments, that the accused did presume to be a common retailer of the liquors mentioned in the statute, within the time specified, and that he did sell such liquors to divers persons, sufficiently describe the offence : —

7. That to sell less than twenty-eight gallons at one time, is unlawful, whether the liquor is carried away at one time or at several times : —

8. That the indictment is not double, because it alleges, that the accused did sell wine, brandy, rum and other strong liquors, as but one penalty is incurred under this section of the statute, although each description of the liquors may have been sold.

EXCEPTIONS from the Court of Common Pleas, SMITH J. presiding.

The indictment, found at *August Term*, 1836, charged, "that *John Cottle* of *Windsor*, in the county of *Kennebec*, at said *Windsor*, on *Nov.* 1, 1835, and on divers other days and times, as well before as afterwards, and until the finding of this indictment, without any lawful authority, license or admission, did presume to be a common seller of wine, brandy, rum, and other strong liquors by retail, in less quantity then twenty-eight gallons, and did then and there sell and cause to be sold, wine, brandy, rum, and other strong liquors, in manner aforesaid, to divers persons, to said jurors unknown, against the peace of said State, and contrary to the form of the statutes in such case made and provided." The exceptions state none of the facts, and consist solely in a reference to the indictment, and of the two following requests, and the instructions given by the Judge. The defendant, by his counsel, requested the Judge to instruct, " 1. That the indictment was defective and

therefore void, because it did not appear with sufficient certainty, that any offence had been committed. 2. That to be a common retailer within the meaning of said statutes, the party accused must be in the habitual practice of selling ardent spirits by retail, in less quantities than twenty-eight gallons to all persons applying· for the same, and that the proof in this case of a sale in *March, July* and *November*, to eight different persons, and at more than eight different times would not constitute him a common retailer. But the Judge instructed the jury, that evidence of that kind, together with the facts which were proved, that the defendant had a sign, and had in his house a common bar-room, with kegs and decanters, containing ardent spirits to appearance, was sufficient, if unexplained, to authorize them to find the defendant guilty of the allegations in the indictment." *Cottle* filed exceptions.

*Clark* argued for *Cottle.* The number and character of the objections made, may be understood from the negative given to them in the opinion of the Court. He cited, *stat.* 1834, *c.* 141, concerning innholders, retailers, &c.; *stat.* 1835, *c.* 193 ; 2 *Russell on Crimes,* 717 ; 2 *Ld. Raym.* 1478 ; 1 *Chitty's Cr. Law,* 199 ; 5 *T. R.* 162 ; *Commonwealth* v. *Pray,* 13 *Pick.* 359 ; *Butman's case,* 8 *Greenl.* 113 ; *Commonwealth* v. *Hall,* 15 *Mass. R.* 240 ; *Douglas,* 153 ; *stat.* 1821, *c.* 62, § 14 ; 7 *Dane, c.* 218, art. 10, § 3 ; *Hawk's Rep.* 460 ; *stat.* 1821, *c.* 92 ; *stat. Geo.* 3, *c.* 170 ; 2 *Strange,* 900 ; 2 *Mason,* 144 ; 1 *Chitty's Cr. Law,* 292 ; *Cro. Jac.* 187 ; *Hawkins, Book* 2, *c.* 25, § 117 ; 3 *Bac. Ab.* 112 ; *Crown Cir. Com.* 111 ; 3 *Burr.* 400 ; 6 *T. R.* 739 ; 3 *Chitty's Cr. Law,* 788 ; *Commonwealth* v. *Bolkom,* 3 *Pick.* 281.

*Bradbury, County Attorney* when the bill was found, for the State, remarked, that *Butman's case,* 8 *Greenl.* 113, and the cases, *Commonwealth* v. *Pray,* 13 *Pick.* 359, and *Commonwealth* v. *Eaton,* 9 *Pick.* 165, covered every objection made, which had any bearing on this case.

The indictment was continued, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The statute of 1835, *c.* 193, authorized the recovery of the penalty, imposed in those cases, by complaint or indictment, before any Court of competent jurisdiction. The law

does not require the name of the complainant to be inserted in the indictment, nor is it usual, nor would it be proper to do so. The appropriation of the penalty depends upon the general law. It is no part of the offence, nor essential to its description. By *Windsor* in the indictment, must be understood the town of *Windsor.* It is described as being in the county of *Kennebec;* and the Court will take notice, that there is such a town in that county. And the offence is alleged to have been committed in *Windsor.*

The defendant is charged with presuming to be a common retailer, from the first day of *Nov.* 1835, until the finding of the indictment. This is a definite and fixed period, to which the conviction may be referred, the force of which is not impaired by the averment, that he had also been guilty, before the period first stated. It might have the effect to protect the defendant from any other prosecution for a similar offence, at any time prior to the indictment. The averment, that the defendant did presume to be a common retailer, is expressive of the fact, that such was his habit. This coupled with the averment, that he did sell to divers persons, within the period stated, is a sufficient description of the offence. He is charged with doing that, which the statute declares, shall not be allowed to any person to do, without a license. It is one of that class of offences, which to avoid unnecessary prolixity, may be described in general terms. To sell twenty-eight gallons, to be carried away at one time is lawful; but to sell less than that is unlawful, whether carried away at one time, or at several times.

The objection taken, that the offence charged is double, does not appear to us to be sustained. We are not satisfied, that the law imposes as many penalties, as there may have been kinds of strong liquors, of which the party charged may have presumed to be a common retailer. The indictment does appear to have been found within one year after the offence was committed, so that it is not barred by the statute of limitations, although the penalty is appropriated to the use of the town.

*Exceptions overruled.*